# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0127-19T4

J.V.S.,

    Plaintiff-Respondent,

v.

G.F.B.,

    Defendant-Appellant.

_____

        Submitted December 1, 2020 – Decided December 15, 2020

        Before Judges Fisher and Gummer.

        On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Middlesex County, Docket No. FV-12-0221-20.

        Jay A. Weinberg, attorney for appellant.

        Marotta & Garvey, attorneys for respondent (Kathleen P. Garvey, on the brief).

PER CURIAM

On the evening of the break-up of their ten-month dating relationship, events occurred that caused plaintiff J.V.S. (Janice[1]) to commence this action against defendant G.F.B. (George), under the Prevention of Domestic Violence Act, N.J.S.A. 2C:25-17 to -35.

After hearing the testimony of both parties, the judge rendered thorough findings and entered, in Janice's favor, a final restraining order (FRO), which George appeals, claiming for the first time that the judge erred by:  (1) denying him the right to cross-examine Janice; (2) denying him an impartial hearing; (3) "summariz[ing] the legal issues" so as to mislead him into "believ[ing] that harassment was no longer a predicate act to be litigated"; (4) failing to "articulate precise findings of fact and conclusions of law" that would "substantiate a finding . . . of harassment"; (5)  failing to render findings of fact and conclusions of law; and (6) admitting into evidence an Instagram photo and hearsay contrary to the rules of evidence.  We reject all these arguments.

In considering George's first point, we are mindful that while domestic violence final hearings are ordinarily expedited, Franklin v. Sloskey, 385 N.J. Super. 534, 543 (App. Div. 2006), litigants retain the right to cross-examine witnesses, J.D. v. M.D.F., 207 N.J. 458, 481 (2011); Peterson v. Peterson, 374

---

[1]  The names of the parties are fictitious to protect their identities.

A-0127-19T4

N.J. Super. 116, 124-26 (App. Div. 2005). George argues he was denied this right, but the record reveals otherwise. When Janice completed her direct testimony, the judge turned to George, who was unrepresented, and advised him it was his "opportunity" to proceed and that he could exercise his "right of cross-examination or . . . simply just tell [his] version of [the] events." George responded that he would "start from like the start of the night and do kind of like the same thing." The judge correctly interpreted this as George's desire to tell his side of the story, like Janice did, rather than question Janice. In short, the opportunity to cross-examine was provided and declined. There was no error.

In arguing in his second point that the judge denied him an impartial hearing, George presents a collection of claims, including the fact that the judge posed leading questions to Janice and admitted an Instagram photo, none of which George objected to. We find no error in the judge's handling of the proceedings, and we find no evidence of impartiality. Far from it. As we have repeatedly said, trial judges in domestic violence matters are allowed great leeway, particularly when one or both litigants are unrepresented, so as to focus the testimony and achieve a clear and thorough understanding of both the claim and the defenses. J.D., 207 N.J. at 482. The experienced judge properly conducted this hearing; there is no evidence or even a hint of impartiality.

A-0127-19T4

We find insufficient merit in George's remaining arguments to warrant further discussion in a written opinion.  R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION